Mr. Kenneth W. Simmons Chairman Florida Parole and Probation Commission 1309 Winewood Boulevard Building 6, Third Floor Tallahassee, Florida 32301
Dear Mr. Simmons:
This is in response to your request for an opinion on the following question:
 MAY THE PAROLE AND PROBATION COMMISSION GRANT AN INMATE WHO IS OTHERWISE ELIGIBLE FOR PAROLE AND WHO HAS RECEIVED CUMULATIVE SENTENCES TO INCARCERATION TOTALING TWELVE MONTHS OR MORE A PAROLE ON ALL SUCH SENTENCES, WHERE ONE OR MORE ARE CONSECUTIVE TO THE SENTENCE HE IS PRESENTLY SERVING? THIS QUESTION ASSUMES THAT NONE OF THE CONSECUTIVE SENTENCES CONTAIN A MINIMUM MANDATORY TERM OF INCARCERATION AS WAS DEALT WITH IN AGO 84-27.
Your question really asks whether parole can be granted on a consecutive sentence which has not yet begun to be served. It is my opinion that it cannot.
In your letter, you refer to AGO 84-27, in which it was stated that an inmate could not be granted parole on a consecutive minimum mandatory sentence until prior sentences had been completed (by expiration, pardon, parole, etc.) and the inmate had actually served the mandatory portion of such consecutive sentence. It was explained that to do otherwise would, in effect, be to treat the consecutive minimum mandatory sentence as concurrent rather than consecutive.
It is my opinion that the rationale supporting AGO 84-27 is equally applicable to your present question. In other words, if the Parole and Probation Commission were to parole an inmate on all sentences before the inmate has begun to serve a consecutive sentence, the effect would be to make that consecutive sentence concurrent.
The following example demonstrates why such a result would be untenable. If an inmate has received ten separate consecutive sentences from ten different judges in different parts of the state, it would make the second through tenth consecutive sentences nullities if the inmate could be paroled from his first sentence, on all sentences, without his ever having to serve the first day of any of the subsequent consecutive sentences. Surely, this was not the Legislature's intent when it provided for consecutive sentences. See s 775.021(4), F.S. Statutes should not be given a construction which would lead to an absurd or unreasonable result or render the statute purposeless. State v. Webb, 398 So.2d 820, 824 (Fla. 1981). Moreover, such a result would afford no dignity to the judgment of the trial courts who distinctly ordered consecutive sentences even though they certainly were aware of their discretion to order sentences to be served concurrently.
In reaching my conclusion, I have not overlooked AGO 74-10, to which you referred in your letter wherein you recognized that that opinion may no longer be viable in light of the passage of time and the various amendments to Chapter 947. In addition to those reasons, and as was explained in AGO 84-27, the 1974 opinion relied upon a different concept of the term "parole," i.e., release from incarceration as opposed to parole to an additional sentence. Also, the opinion was written prior to the enactment of s 775.087(2), F.S., concerning minimum mandatory sentences.
In summary, it is my opinion that the Parole and Probation Commission cannot parole an inmate on a consecutive sentence which has never begun to have been served. To do otherwise would be to make that consecutive sentence meaningless.
Sincerely,
Jim Smith Attorney General
Prepared By:
Lawrence A. Kaden Assistant Attorney General